UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE PONCE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>UNITED STATES,<br><br>                    Defendant. | 22-CV-2532 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that his constitutional rights have been violated. By order dated April 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff alleges that the events giving rise to this complaint occurred in "the United States" for "possibly up to 31 years." (ECF 2 ¶ II.) Plaintiff sets forth the following facts.

> All my constitutional rights have been suspended. I am being physically and mentally tortured. I am being held in a state of slavery. I need to consult an attorney, which the Program denies me, about the extent of my lawsuit.

(*Id.* ¶ III.) Plaintiff claims that has "been injured multiple times in innumerable ways including purposeful violent attacks by the government," and he moves for appointment of counsel, and for an "end to the Program." (ECF 3, 4.) The complaint does not identify the "Program" or any government agency or other entity that Plaintiff claims is responsible for the alleged violations of his rights.

## DISCUSSION

Sovereign immunity generally bars federal courts from hearing suits against federal agencies, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims, *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff has not invoked any basis for abrogating the immunity of the United States or its employees acting in their official capacities.

To the extent Plaintiff seeks damages against the government, the Court construes the complaint as seeking relief under the Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 1346(b), 2671-80. The FTCA provides for a waiver of sovereign immunity for certain claims

for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff has failed to allege facts suggesting that he exhausted the appropriate administrative remedies before bringing this action. Accordingly, the Court dismisses without prejudice any claims that may arise under the FTCA for failure to exhaust administrative remedies. *See* 28 U.S.C. § 2675(a).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed for seeking relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court denies Plaintiff's pending motions as moot, and the Clerk of Court is directed to terminate them. (ECF 3, 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 29, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge